UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------x
ALEXANDRIA REEL,

                              Plaintiff,     **COMPLAINT**

        -against-     **JURY TRIAL DEMANDED**

THE CITY OF NEW YORK,
POLICE OFFICER ROBERT WARKENTHIEN (TAX 953558),
and JOHN DOES 1 and 2,

                          Defendants.
--------------------------------------------------------------------------------x

    Plaintiff, ALEXANDRIA REEL, by and through her attorneys, **THE LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC,** as and for her Complaint, respectfully alleges, upon information and belief:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of her civil rights, as said rights are secured by said statutes and the Constitution of the United States of America.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

## VENUE

4. Venue is properly laid in the United States District Court for the Southern District of New York under U.S.C. § 1391(b), in that a substantial part of the events giving rise to the claim occurred in New York County, in the State of New York.

**STATE LAW CLAIMS**

5. Plaintiff, Alexandria Reel, timely filed a Notice of Claim within 30 days of the dismissal of her criminal charges.

6. Plaintiff, Alexandria Reel, has complied with all conditions precedent for commencing an action pursuant to New York State Law for Malicious Prosecution and Denial of Fair Trial.

**JURY DEMAND**

7. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

**PARTIES**

8. Plaintiff, ALEXANDRIA REEL, is, and has been, at all relevant times, a resident of Bronx County in the City and State of New York.

9. At all relevant times hereinafter mentioned, defendant, City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

10. At all relevant times hereinafter mentioned, defendant, POLICE OFFICER ROBERT WARKENTHIEN (TAX 953558), was an individual employed by the City of New York as a member of the NYPD. Officer Warkenthien is sued herein in his official and individual capacities. Officer Warkenthien is currently assigned to the 42nd Precinct of the NYPD.

11. At all relevant times hereinafter mentioned, the DOE DEFENDANTS, were individuals employed by the City of New York as members of the NYPD. The Doe Defendants are sued

herein in their official and individual capacities.

12. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or CITY OF NEW YORK.

13. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

14. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

## FACTS

15. On December 27, 2013, at approximately 10:00 p.m., plaintiff, ALEXANDRIA REEL, was lawfully present as a passenger inside of a vehicle at or near the intersection of 163rd Street and Fox Street, County of Bronx, City and State of New York.

16. The Plaintiff was not engaged in any illegal or suspicious activity.

17. At this time, the Defendants pulled over the vehicle in which Plaintiff was a passenger.

18. The Defendants did so without any legal justification or excuse.

19. The Defendants began questioning the driver of the vehicle in which Plaintiff was a passenger, and Plaintiff began to record with her cell phone the Defendants doing so.

20. In response, at least one of the Defendants smacked Plaintiff's hand and told her that she was not allowed to record them.

21. The Defendants then placed the driver of the vehicle under arrest as the Plaintiff continued to attempt to record them.

22. The Plaintiff also asked the Defendants why the driver, her friend, was being arrested.

23. In response, the Defendants also placed the Plaintiff under arrest.

24. The Plaintiff was not involved in any unlawful or suspicious activity, nor was she involved in any activity which the Defendants could have reasonably believed gave rise to justification to place her under arrest.

25. Plaintiff was placed in an NYPD vehicle and was transferred from that location to a stationhouse of local area precinct where she was held for several hours.

26. Plaintiff was eventually transferred from the local area precinct to Bronx County Central Booking where she was held for several additional hours before she was arraigned on a criminal complaint containing false allegations sworn to by Defendant Warkenthien.

27. Pursuant to these false allegations, Plaintiff was charged with Resisting Arrest, Obstructing Governmental Administration, and Harrassment.

28. These charges were made on the basis of false allegations sworn to by Defendant Warkenthien.

29. Defendant Warkenthien provided these false statements to the Bronx County District Attorney's Office knowing that there was no basis to support these allegations.

30. These and other allegations, information, and evidence, were false and the Defendant Warkenthien knew them to be false when he made them.

31. At Plaintiff's arraignment, she was released and provided with a future court date, and she was required to return to Court on these false allegations.

32. Ms. Reel's charges were eventually dismissed in her favor in March of 2016.

33. The decision to arrest Plaintiff was objectively unreasonable under the circumstances.

34. At no time did there exist sufficient cause to seize or arrest Plaintiff, nor could the Defendants have reasonably believed that such cause existed.

35. The factual allegations and testimony sworn to by Defendant Warkenthien were materially false and deliberately made to justify the illegal arrest of Plaintiff.

36. At no time did any other members of the NYPD take any steps to intervene in, prevent, or otherwise limit the heretofore misconduct engaged in against Plaintiff.

37. Defendant Warkenthien intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements regarding the false allegations and misconduct described herein as required.

38. That at all times relevant herein, the Defendant Warkenthien was on duty and acting within the scope of his employment, and his acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION
## AGAINST THE INDIVIDUAL DEFENDANTS
## PURSUANT TO 42 US.C. SECTION 1983

39. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

40. At no time did Defendants have any legal basis for arresting or imprisoning Plaintiff, or commencing criminal process, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

41. Defendants willfully and intentionally seized, searched, detained, and arrested Plaintiff without probable cause, and without a reasonable basis to believe such cause existed.

42. Defendants misrepresented and falsified evidence to the Bronx County District Attorney.

43. Defendants did not make a complete and full statement of facts to the District Attorney.

44. Defendants withheld exculpatory evidence from the District Attorney.

45. Defendants were directly and actively involved in the initiation of criminal proceedings against Plaintiff.

46. Defendants lacked probable cause to initiate criminal proceedings against Plaintiff.

47. Defendants acted with malice in initiating criminal proceedings against Plaintiff.

48. Defendants were directly and actively involved in the continuation of criminal proceedings against Plaintiff.

49. Defendants lacked probable cause to continue criminal proceedings against Plaintiff.

50. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings against Plaintiff.

51. Notwithstanding the perjurious and fraudulent conduct of Defendants, the criminal proceedings were terminated in Plaintiff's favor when she acceded to an adjournment in contemplation of dismissal.

52. By so doing, the individual Defendants, individually and collectively, subjected Plaintiff to false arrest and imprisonment, unlawful searches of person and property, fabrication of evidence, malicious prosecution, denial of fair trial, and denial of due process, and thereby violated, conspired to violate, and aided and abetted in the violation of Plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

53. By reason thereof, the individual Defendants have violated 42 U.S.C. §1983 and caused Plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of her constitutional rights.

## SECOND CAUSE OF ACTION
## FOR MUNICIPAL LIABILTIY
## PURSUANT TO 42 U.S.C. SECTION 1983

54. Plaintiff, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

55. The NYPD Defendants assaulted, arrested, searched, and incarcerated Plaintiff, in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said search, arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety, and violate her constitutional rights.

56. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials, with all of the actual and/or apparent authority attendant thereto.

57. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

58. Those customs, policies, patterns, and practices include, but are not limited to:

    i. requiring officers to make a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

    ii. requiring precincts to record a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

    iii. failing to take any measures to correct unconstitutional behavior when brought to the attention of supervisors and/or policy makers;

    iv. failing to properly train police officers in the requirements of the United States Constitution.

59. The aforesaid customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department directly cause, *inter alia*, the following unconstitutional practices:

    i. arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics;

    ii. arresting individuals regardless of probable cause in order to inflate precinct-wide statistics;

    iii. falsifying evidence and testimony to support those arrests;

    iv. falsifying evidence and testimony to cover up police misconduct.

60. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department constitute a deliberate indifference to the safety, well-being and constitutional rights of Plaintiff.

61. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

62. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the moving force behind the constitutional violations suffered by Plaintiff as alleged herein.

63. As a result of the foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department, Plaintiff was searched and placed under arrest unlawfully.

64. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff.

65. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of Plaintiff's constitutional rights.

66. All of the foregoing acts by Defendants deprived Plaintiff of federally protected constitutional rights, particularly her Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure.

### THIRD CAUSE OF ACTION
### AGAINST THE DEFENDANTS
### PURSUANT TO STATE LAW

67. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

68. That at all times hereinafter mentioned, defendant THE CITY OF NEW YORK assumed responsibility supervision, and authority over THE NEW YORK CITY POLICE DEPARTMENT and, its agents, servants and employees, and is liable to plaintiff for the acts complained of herein under the theories of vicarious liability and *respondeat superior*.

69. Plaintiff was detained and held under the imprisonment and control of the defendants under false pretenses, and she was subject to malicious prosecution and denial of fair trial.

70. By so doing, the individual Defendants, individually and collectively, subjected Plaintiff to malicious prosecution, fabrication of evidence, denial of fair trial, and denial of due process, and thereby violated, conspired to violate, and aided and abetted in the violation of Plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

71. That as a direct, sole and proximate result of the malicious prosecution and denial of fair trial, Plaintiff was caused to and did sustain humiliation and embarrassment, emotional and mental distress, moral and mental degradation, indignity and disgrace, injury to personal and business reputation, inconvenience, disturbance and disruption of life, legal expenses, and loss of personal income.

72. By the actions described above, defendants caused plaintiff to be falsely imprisoned plaintiff without probable cause, without reasonable suspicion, illegally, without any proper claims, and without any right or authority to do so.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated her statutory and common law rights as guaranteed by the laws of the Constitution of the State of New York.

73. As a result of the foregoing, plaintiff was deprived of her liberty, suffered a loss of quality and/or enjoyment of life, economic injury, physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

**WHEREFORE**, the plaintiff respectfully requests judgment against defendants as follows:

i. an order awarding compensatory damages in an amount to be determined at trial;

ii. an order awarding punitive damages in an amount to be determined at trial;

iii. reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

iv. directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
September 16, 2016

Respectfully submitted,

**LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
*Counsel for the Plaintiff*

/S/
By: JESSICA MASSIMI (JM-2920)
32 Old Slip, 8th Floor
New York, New York 10005
(212) 962-1020

11